WILLIAMS, J.
The defendants, Anna Nguyen and THT, Inc., appeal a judgment in favor of the plaintiff, Phyllis Moore. The trial court awarded Moore unpaid wages of $640, penalty wages of $4,799.70 and attorney fees of $3,275. For the following reasons, we reverse and remand with instructions.
FACTS
Phyllis Moore worked as a cook for approximately one year at the Quick Pak Grocery convenience store located in Shreveport. She was paid $160 for three days of work each week, or $53.33 per day. On January 16, 2016, Moore quit the job after working four weeks without pay. In February 2016, the plaintiff, Phyllis Moore, filed a petition for unpaid wages, penalties and attorney fees against the defendants, Anna Nguyen and THT, Inc. Plaintiff chose summary process and a rule to show cause was issued with a hearing scheduled for April 2016. At the hearing, Nguyen stated that she could not speak English well and asked that her son, Tam Hoang, be permitted to assist her. Judge Lattier, the judge to whom the case had been allotted, declined to allow that request and continued the matter to provide time to obtain a certified interpreter.
Subsequently, the matter was tried before Judge Sims. Plaintiff's attorney informed the court that the parties had originally appeared before Judge Lattier, who had granted a continuance. Judge Sims then took a recess to get the file and speak with Judge Lattier. The defendants were not represented by counsel and Nguyen again presented her son as interpreter. After initially objecting to Hoang serving as interpreter for Nguyen, plaintiff waived the objection to proceed with trial. Hoang then took an oath to faithfully interpret the proceedings in an accurate manner and he assisted Nguyen in understanding the questions of plaintiff's attorney during the hearing. After presentation of the evidence, the trial court took the matter under advisement. The trial court rendered judgment awarding plaintiff unpaid wages of $640, penalty wages of $53.33 per day for 90 days, a total of $4,799.70, and attorney fees of $3,275. Defendants appeal the judgment.
DISCUSSION
The defendants contend the trial court erred in hearing a matter assigned to another division within the city court. Defendants argue the judgment is null because they did not consent to have the *607 judge preside over a case that had been assigned to another division.
La. C.C.P. art. 253.1 provides for random assignment of cases to various divisions of the court. Generally, a case that has been assigned to a particular division of the court may not be transferred to another division unless agreed to by all the parties or when the Louisiana Supreme Court has established uniform procedures for reassigning cases. La. C.C.P. art. 253.2. When an interpreter is requested by a non-English-speaking person, who is a principal party in interest in a proceeding before the court, after consultation with the person or his attorney, the court shall appoint a competent interpreter to interpret or translate the proceedings to him. La. C.C.P. art. 192.2.
Random assignment procedures promote fairness and impartiality and reduce the dangers of favoritism and bias. Random assignment becomes meaningless if judges can routinely transfer cases between themselves on a non-random basis. State v. Sprint Communications Co., L.P. , 96-3094 (La. 9/9/97), 699 So.2d 1058.
In this case, the record does not explain why the matter was before Judge Sims rather than Judge Lattier in Division C. A factor may have been that the matter was filed as a summary proceeding and placed on the docket for a rule to show cause. However, this record does not reflect that the correct procedure under Article 253.2 was followed to ensure that the matter was heard by the judge to whom the case was randomly allotted; nor does the record offer an explanation for any deviation from the normal procedure. In addition, the record demonstrates that contrary to the trial court's initial order in this matter, a certified interpreter was not made available to assist these defendants during the proceeding.
Given the apparent procedural irregularities reflected in the record, we are compelled to reverse the judgment and remand this matter for further proceedings conducted in a manner consistent with the procedural rules for random assignment of cases and the appointment of an interpreter. On remand, the trial court is instructed to provide a certified interpreter to assist these defendants during the proceeding as provided by Article 192.2 and by any applicable rules of the Louisiana Supreme Court.
In reaching this conclusion, we pretermit discussion of the assignment of error regarding the reasonableness of attorney fees assessed by the trial court. In addition, considering this court's disposition of the present matter, we decline to award additional attorney fees as sought in the answer to this appeal.
CONCLUSION
For the foregoing reasons, the trial court's judgment is reversed and this matter is remanded to the trial court for further proceedings, with instructions to appoint a certified interpreter to assist the defendants. Costs of this appeal are assessed to the appellee, Phyllis Moore.
REVERSED AND REMANDED WITH INSTRUCTIONS.